UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BEAL BANK,<br><br>            Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al,<br><br>            Defendants. | Case No. 4:14-CV-00035-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in the above entitled matter is a Motion to Dismiss made pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. 36.) The matter has been fully briefed and is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion shall be decided on the record before this Court without oral argument.

### FACTUAL AND PROCEDURAL BACKGROUND

A parcel of real property located in Jefferson County, Idaho was transferred from James E. Merritt and Virginia C. Merritt to Frederick and Cheryl Hively by way of a Warranty Deed recorded on September 4, 2002. (Dkt. 1, Amnd. Comp. at ¶ 7.) On the same day, Cheryl Hively executed and recorded a Quit Claim Deed in favor of her spouse, Fredrick

**MEMORANDUM DECISION AND ORDER- 1**

Hively. (Dkt. 1, Amnd. Comp. at ¶ 8.) Mr. Hively financed the property by granting and recording on September 4, 2002 a Promissory Note and Deed of Trust encumbering the real property and creating a purchase money security interest in favor of the beneficiary. That beneficial interest is now held by Plaintiff, Beal Bank. (Dkt. 1, Amnd. Comp. at ¶ 9.) The Warranty Deed, Quit Claim Deed, and Deed of Trust all contain the same error in the legal description of the real property. (Dkt. 1, Amnd. Comp. at Exs. A-C.)

Beal Bank initiated this action in Idaho State Court seeking to correct the legal description of the subject property in the deeding instruments. (Dkt. 1, Amnd. Comp.) The Defendant United States removed the case to this Court pursuant to 28 U.S.C. §§ 1442, 1441. (Dkt. 1, Notice of Removal.)[1] Thereafter, the United States filed the instant Motion to Dismiss arguing dismissal is appropriate in this case because the Internal Revenue Service's ("IRS") federal tax lien against Frederick and Cheryl Hively, recorded on July 20, 2009, has priority over Beal Bank's inchoate security interest. (Dkt. 36.) The Court finds as follows.

## STANDARD OF LAW

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is evaluated under the same standard applicable to motions to dismiss brought under Rule 12(b)(6). *See Enron Oil Trading & Trans. Co. v.*

---

[1] The named Defendants in this action include the Merritts, the Hivelys, the United States, and the State of Idaho. (Dkt. 1, Complaint.) Default was entered as to the Hivelys and the Idaho Tax Commission. (Dkt. 22.) A Limited Judgment was entered as to the Merritts. (Dkt. 35.)

**MEMORANDUM DECISION AND ORDER- 2**

*Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997). The standard for a motion for judgment on the pleadings is that articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a party's claim for relief.[2] When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss will only be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citations omitted). A judgment on the pleadings may be granted only when it appears beyond doubt that the claiming party can prove no set of facts in support of his claim which would entitle him to relief." *Enron Oil*, 132 F.3d at 529 (internal quotations and citations omitted).

---

[2] Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

**MEMORANDUM DECISION AND ORDER- 3**

When deciding a motion for judgment on the pleadings, the Court assumes the allegations in the complaint are true and construes them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). A judgment on the pleadings is appropriate when, taking all the allegations in the complaint as true, the moving party is entitled to judgment as a matter of law. *Milne ex rel. Coyne v. Stephen Slesigner, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005); *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993). Although "we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Comm. Learning Cent., Inc.*, 590 F.3d 806, 811-12 (9th Cir. 2010) (citation omitted).

## DISCUSSION

The Amended Complaint raises a claim for declaratory relief requesting, in part, that the error in the legal description of the Warranty Deed, Quit Claim Deed, and Deed of Trust be corrected and that those documents remain in "full force and affect as and from the date originally recorded." (Dkt. 1, Amnd. Comp. at 6.) The United States argues dismissal is appropriate here because its tax lien recorded on July 20, 2009 has priority over the Deed of Trust held by Beal Bank because that document is inchoate as it does not contain a sufficient legal description of the property. (Dkt. 36.) Specifically, the United States asserts that the error in the legal description on the deed instruments renders those documents inchoate and

**MEMORANDUM DECISION AND ORDER- 4**

any correction now cannot, as a matter of law, relate back to the date they were recorded as against the United States. (Dkt. 36.) Beal Bank maintains its Deed of Trust recorded on September 4, 2002 has priority to the United States' lien because it was choate as of the date it was recorded despite the typographical error in the legal description. (Dkt. 39.)

The United States' claim of lien in this case arises under the Internal Revenue Code of 1954, 26 U.S.C. § 6321 which states:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

Such a lien arises at the time the assessment is made. 26 U.S.C. § 6322 ("Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time."). A competing prior lien, however, retains priority over a federal tax lien if it is choate when the federal tax lien arises. 26 U.S.C. § 6323(a) ("The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary."). That is to say, a prior competing claim that is specific and perfected at the time the United States' tax lien arose has priority over the federal lien. Where, however, the prior lien is not choate, i.e., is not

**MEMORANDUM DECISION AND ORDER- 5**

perfected and specific, the federal tax lien has priority. *United States v. Pioneer American Ins. Co.*, 374 U.S. 84 (1963).

The priority of a federal tax lien is governed by federal law. *See Aquilino v. United States*, 363 U.S. 509, 513–14 (1960). The federal common law rule of "first in time, first in right" governs priority contests between federal tax liens and state liens. *United States v. McDermott*, 507 U.S. 447, 449 (1993); *Pioneer Am. Ins.*, 374 U.S. at 87 ("The priority of the federal tax lien ... as against liens created by state law is governed by the common-law rule 'the first in time is the first in right.'"). Under this rule, a state lien primes a federal tax lien only if the state lien becomes choate, i.e., specific and perfected, in the federal sense before the tax lien accrues. *Id.* The question in this case then is whether Beal Bank's Deed of Trust became choate on September 4, 2002 prior to the United States' tax lien which was recorded on July 20, 2009.

Whether a state lien is choate is also a question of federal law. *Pioneer Am. Ins.*, 374 U.S. at 88–89; *United States v. Brame*, 243 F.Supp. 29, 31-32 (D. Idaho 1965). In order for the deed instruments to have been choate, the state lien must have been "perfected in the sense that there is nothing more to be done to have a choate lien—when the identity of the lienor, the property subject to the lien, and the amount of the lien are established." *United States v. New Britain*, 347 U.S. 81, 84 (1954); *see also McDermott*, 507 U.S. at 449. Although state law may not necessarily resolve the question, it can be useful in determining whether a state-created property interest is choate for purposes of federal law. *United States v. Sec. Trust & Sav. Bank*, 340 U.S. 47, 49–50 (1950); *Brame*, 243 F.Supp. at 31 (quoting

**MEMORANDUM DECISION AND ORDER- 6**

*United States v. Acri*, 348 U.S. 211, 213 (1955) ("The state's characterizations of its liens, while good for all state purposes, does not necessarily bind this Court."). For instance, a state lien that is unperfected under state law will virtually never qualify as choate under the federal standard. *Sec. Trust & Sav. Bank*, 340 U.S. at 50 ("[I]f the state court itself describes the lien as inchoate, this classification is practically conclusive.") (internal quotation omitted).

In this case, the deeding instruments contain errors in the legal description of the property. Both parties' briefing recite the same language setting forth Idaho's requirements for the legal description of real property in a deeding document. (Dkt. 39 at 8) (Dkt. 40 at 8.) That is, "[i]n the context of a sale of real property, the Idaho statutes have been collectively interpreted by the Idaho Supreme Court to require that the 'description of real property [in the agreement] must adequately describe the property so that it is possible for someone to identify 'exactly' what property the seller is conveying to the buyer. 'A description contained in a deed will be sufficient so long as [the] quantity, identity or boundaries of [the] property can be determined from the face of the instrument, or by reference to extrinsic evidence to which it refers.'" *In re Old Cutters, Inc.*, 488 B.R. 130, 141 (D. Idaho 2012) (quoting *Ray v. Frasure*, 200 P.3d 1174, 1178 (Idaho 2009) (quoting *Garner v. Bartschi*, 80 P.3d 1031, 1036 (Idaho 2003)).[3]

---

[3] Similarly, Idaho's statute of frauds requires, "an agreement for the sale of real property must not only be in writing and subscribed by the party to be charged, but the writing must also contain a description of the property, either in terms or by reference, so that the property can be identified without resort to parol evidence." *In re Old Cutters, Inc.*, No. 1:13-cv-00057-EJL, 2014 WL 1319854, at *27 (D. Idaho Mar. 31, 2014) (citing *Garner*, 80 P.3d at 1036); *see also* Idaho Code § 9-505(4). "However, a contract that references 'any

(continued...)

**MEMORANDUM DECISION AND ORDER- 7**

Here, the United States argues the description in the deed instruments does not "'exactly' identify the real property nor does it allow for determination of the boundaries of the property from the face of the instrument, or by reference to extrinsic evidence, as a matter of law, based on the descriptions alleged in Plaintiff's complaint." (Dkt. 40 at 8.) Beal Bank counters that the errors in the deed instruments' legal description are merely "scrivener's errors or typographical mistake[s]" which do not invalidate its lien or, at a minimum, the motion should be dismissed because there is a question of fact as to whether those errors are such that there is a question as to the location of the property at issue. (Dkt. 39 at 8-9.)

The errors in the deed documents are found in the metes and bounds legal description of the real property as to the boundary. Specifically, three of the metes list an angle of either 38° or 35° where the correct angle of 88° should appear. (Dkt. 1, Amnd. Comp. at 4-5.) This error in the legal description of the property appears to be typographical as there is no allegation that the actual location of the property is at issue. The United States has, however, provided a surveyors sketch showing the different property boundaries for each rendition of the legal descriptions; i.e., the metes and bounds as they appear on the Deed of Trust and the sought after corrected metes and bounds. (Dkt. 40, Ex. A.) This sketch illustrates the difference in the property boundaries between the two descriptions.

---

[3](...continued)
record or external or extrinsic description from which a complete description could be had' sufficiently describes the real property for purposes of the statute of frauds.'" *Id.* (quoting *Ray*, 200 P.3d at 1178).

**MEMORANDUM DECISION AND ORDER- 8**

The Court, having reviewed the deeding documents and the record herein, concludes that the error in the metes and bounds legal description renders the Warranty Deed, Quit Claim Deed, and Deed of Trust all inchoate for purposes of federal law. *Pioneer Am. Ins.*, 374 U.S. at 88-89 (The choateness of a state lien is a question of federal law.). Again, for the state lien to have been perfected, there must have been nothing more to do in order to render it choate. *New Britain*, 347 U.S. at 84. Here, this action by Beal Bank is itself evidence that something more is needed to perfect the deeding documents for this property; i.e., correction of the legal description. While Beal Bank disputes this reality and argues this declaratory action is sought to merely correct a minor scrivener's error, the fact remains that the error in the legal description of the property means the Warranty Deed, Quit Claim Deed, and Deed of Trust do not describe the real property "exactly." *Garner*, 80 P.3d at 1036.[4] Therefore, those documents were not choate under federal law at the time of recording and the United States' tax lien has priority. 26 U.S.C. §§ 6321, 6323.

Were this case before an Idaho State Court, it seems likely that court would apply the equitable doctrine of relation back to merge the corrected deed back to the date of the

---

[4] Plaintiffs cite to 26 U.S.C. § 3672 and *United States v. Sampsell*, 153 F.2d 731, 734 (9th Cir. 1946). In *Sampsell*, the United States' lien and priority claims were based on the Internal Revenue Code of 1939, 26 U.S.C. § 3670-3672, for gasoline taxes due from the refining company seeking reorganization under the Bankruptcy Act. *Id.* at 733. In that case, the state claims held priority over the United States' subsequent claims for gasoline taxes. The facts in this case are different, however, because the prior state claim was not choate and, therefore, the United States' tax liens are entitled to priority.

**MEMORANDUM DECISION AND ORDER- 9**

original recording.[5] Here, however, Beal Bank cannot rely on a relation back theory to give its mortgage priority over the federal tax liens. *Samco Mortg. Corp. v. Keehn*, 721 F.Supp. 1209, 1211 (D. Wyo. 1989). "The Supreme Court long ago rejected the relation back theory to give an inchoate state created lien priority over a federal tax lien." *Id.* (citing *Sec. Trust & Sav. Bank*, 340 U.S. at 50). The equitable doctrine which permits relation back of any correction to the Deed of Trust does not apply here where "a federal tax line is vying for priority with competing claims." *Flagstar Bank, FSB v. Eerkes*, No. C12-1951RSL, 2014 WL 4384063, at *2 (W.D. Wash. Sept. 4, 2014); *see also Barnhardt v. Hansen*, 211 P. 438, 439 (Idaho 1922) (The relation back doctrine does not apply to the prejudice of a third party.)

Based on the foregoing, the Court finds that Beal Bank has failed to state a plausible claim for declaratory relief as to its request that the instruments remain in full force and affect as of their original date at least as to any claim for priority against the United States' tax lien. (Dkt. 1, Amnd. Comp. at 6.) The Motion to Dismiss is granted in this respect. The United States' tax lien has priority to the liens held by Beal Bank in the Warranty Deed, Quit Claim Deed, and the Deed of Trust.

---

[5] "The doctrine of relation back permits a party to a conveyance of real property to correct an erroneous legal description in the original deed by filing a subsequent or 'correction' deed; the correction then becomes effective as of the date of the original deed." *Barnhardt*, 211 P. at 439 (citations omitted); *see also Sartain v. Fidelity Financial Servs., Inc.*, 775 P.2d 161, 164 (Idaho 1989). The general rule is summarized as follows:
> Where there is no fraud and the rights of third persons have not intervened, and equity could have reformed the deed, it may be amended by a subsequent instrument so as to effectuate the intention of the parties.... As against third persons an alleged defective deed can be cured only by a bill in equity, and not by a confirmation assuming to relate back to the original deed....

*Id.* (citations omitted).

**MEMORANDUM DECISION AND ORDER- 10**

The Court notes, however, that this ruling granting the United States' Motion to Dismiss is narrow and limited to only the declaratory relief requesting that the deeding documents be deemed corrected and in effect as of the date of their recording as to any priority claim by Beal Bank against the United States. The Court has not made any substantive ruling on the merits of the other requests for declaratory relief sought in the Amended Complaint; i.e., the request to correct the legal description of the property and any priority claims other than those relating to the United States. In so ruling, the Court has effectively resolved the claim to the extent it provides a basis for federal jurisdiction. However, state law questions remain.

"Where a district court 'dismiss[es] every claim over which it had original jurisdiction,' it retains "pure[ ] discretion[ ]" in deciding whether to exercise supplemental jurisdiction over the remaining claims." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 940 (9th Cir. 2012) (quoting *Carlsbad Tech., Inc. V. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009)); *see also* 28 U.S.C. § 1367(c). "In exercising its discretion to decline supplemental jurisdiction, a district court must undertake a case-specific analysis to determine whether declining supplemental jurisdiction 'comports with the underlying objective of most sensibly accommodat[ing] the values of economy, convenience, fairness and comity.'" *Bahrampour v. Lampert*, 356 F.3d 969, 978-79 (9th Cri. 2004) (quoting *Executive Software N. Am., Inc. v. United States Dist. Ct.*, 24 F.3d 1545, 1557–58 (9th Cir. 1994)) (internal quotations and citations omitted).

**MEMORANDUM DECISION AND ORDER- 11**

The Court has reviewed the entire record in this case and, having done so, declines to exercise supplemental jurisdiction over the remaining state law issues. The basis for this Court's original jurisdiction have been resolved. 28 U.S.C. § 1367(c)(3). While this Court recognizes that it may retain supplemental jurisdiction, the general considerations underlying the exercise of supplemental jurisdiction do not support doing so here. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) ("judicial economy, convenience, fairness, and comity"—counseled dismissal of the state-law claims.).

The declaratory relief sought by Beal Bank that remains to be resolved in this case includes the request to correct the deed instruments and possible application of the equitable relation back doctrine to claims other than those raised by the United States and resolved herein. Resolution of these remaining issues involves application of state law to facts concerning real property located in Idaho and equitable principles. For these reasons, the Court finds the considerations of fairness and comity weigh against exercising supplemental jurisdiction over the sole remaining state law claim in this case. Therefore, this case will be remanded to the state court.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Defendant's Motion to Dismiss (Dkt. 36) is **GRANTED** as stated herein.

**MEMORANDUM DECISION AND ORDER- 12**

IT IS FURTHER ORDERED that the case is **REMANDED** to the Seventh Judicial District of the State of Idaho, in and for the County of Jefferson Case No. CV 2013-1085.

DATED: **August 20, 2015**

*[signature]*

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER- 13**